IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02697–REB–KMT

THERESA L. DOWLING,

      Plaintiff,

v.

MOUNTAIN STATES LINE CONSTRUCTORS JOINT APPRENTICESHIP AND TRAINING
COMMITTEE,

      Defendant.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion to (Partially) Cancel CM/ECF Due
to Continual Unresoved [sic] Problems." (Doc. No. 65, filed May 24, 2012.) Plaintiff's Motion
is ostensibly responsive to the court's May 9, 2012 Minute Order, which directed Plaintiff to file
a motion no later than May 23, 2012[1] demonstrating good cause to support the revocation of her
Electronic Case Filing (ECF) privileges. (Doc. No. 37.) Plaintiff's Motion, however, seeks only
a partial revocation of her ECF registration and access—specifically, Plaintiff proposes that she
retain her ECF access to *file* documents electronically, but be *served* via United States mail.

---

[1] Plaintiff's Motion was filed a day after this deadline and therefore violates the court's
Minute Order. Plaintiff's prior failures to comply with court-ordered deadlines resulted in the
court entering an Order to Show Cause in this matter. (*See* Doc. No. 20.) Nevertheless, the court
proceeds to the substance of Plaintiff's Motion.

The court finds that Plaintiff's Motion is properly denied.  Registration as an ECF participant "*shall* constitute consent to electronic service of all documents . . . ."  *See* ECF Procedures for the District of Colorado (Civil Cases) 3.2C (emphasis added).  Thus, a registered party's consent to receiving electronic service is part and parcel of their privilege to file documents electronically.  Accordingly, the court is not at liberty, nor is it otherwise inclined, to grant Plaintiff's proposed partial revocation of her ECF registration and access.

Additionally, because Plaintiff has not sought to <u>fully</u> revoke her ECF privileges, the court finds that Plaintiff's ECF registration and access shall remain in effect.  Hereafter, Plaintiff shall file all documents electronically using the ECF System consistent with ECF Procedure 1.1—unless electronic service is excepted under ECF Procedure 1.2—and shall be served electronically will be served electronically consistent with ECF Procedure 3.2C.  In other words, Defendant is no longer required to serve Plaintiff with any filings via U.S. Mail, nor will the court be serving Plaintiff via U.S. Mail with paper copies of court-initiated filings.

It is ORDERED

Plaintiff's "Motion to (Partially) Cancel CM/ECF Due to Continual Unresoved [sic] Problems" (Doc. No. 65) is DENIED.

Dated this 30th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

2