IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02697–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

MOUNTAIN STATES LINE CONSTRUCTORS JOINT APPRENTICESHIP AND TRAINING COMMITTEE,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Order to Show Cause (Doc. No. 20), entered on April 18, 2012, relating to Plaintiff's failure to (1) participate in the Fed. R. Civ. P. 26(f) Scheduling/Planning Conference, (2) participate in preparing the Proposed Scheduling Order, and (3) comply with this court's orders.[1]

As outlined in the Order to Show Cause, pursuant to the Order of Reference dated November 8, 2011, this civil action was referred to the Magistrate Judge to, *inter alia*, "[c]onvene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order

---

[1] Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1.

meeting the requirements of D.C.COLO.LCivR 16.2." (Doc. No. 7.) On January 25, 2012, the court issued its "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting." (Doc. No. 14 [Order Setting Sched. Conf.].) Therein, the court set a Scheduling Conference for April 23, 2012. (*Id.* at 1.) The court also ordered the parties to "confer in accordance with Fed. R. Civ. P. 26(f)" on or before April 2, 2012, and to file their proposed scheduling order on or before April 16, 2012. (*Id.* at 2.)

On April 16, 2012, Defendant timely filed its Proposed Scheduling Order. (Doc. No. 19 [Proposed Sched. Order].) Therein, Defendant noted that the Rule 26(f) conference was not held because, despite its good faith attempts to contact Plaintiff to arrange the Rule 26(f) conference, Plaintiff failed to communicate with counsel for Defendant. (*Id.* at 1 n.1; Ex. A.) More specifically, prior to the April 2, 2012 deadline to conduct the Rule 26(f) conference, Defendant's counsel called Plaintiff's residence. (*See id.,* Ex. A.) However, Plaintiff never responded to Defendant's counsel after the latter left her a voice mail message. (*See id.*)

On April 11, 2012, after the deadline for conducting the Rule 26(f) conference had passed, Defendant's counsel sent Plaintiff a letter featuring a draft of the Proposed Scheduling Order via U.S. Mail to the address featured in Plaintiff's "Title VII Complaint" (*See* Doc. No. 1 at 9) and via email to trry33@gmail.com, Plaintiff's email address as featured on the court's CM/ECF filing system. (Proposed Sched. Order, Ex. A.) Therein, Defendant's counsel requested that Plaintiff complete the parts of the Proposed Scheduling Order requiring a response from her and inform Defendant's counsel of her objections, if any, to portions of the Proposed Scheduling Order requiring a joint answer. (*Id.*) Plaintiff again failed to contact Defendant's

counsel.  (*Id.* at 1 n.1.)  Accordingly, Defendant was forced to file the Proposed Scheduling Order without any input from Plaintiff.  (*See id.*)

Plaintiff bears the responsibility of complying with court orders and prosecuting her case.  Here, by utterly failing to communicate with Defendant's counsel regarding the Rule 26(f) conference and the prroposed Scheduling Order, Plaintiff has failed to comply with this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting.  (*See* Order Setting Sched. Conf.)  Based on these facts, the court issued its Order to Show Cause, directing Plaintiff to show cause in writing by May 9, 2012, why her "Title VII Complaint" should not be dismissed for failure to prosecute her case and failure to comply with court orders.  The court warned Plaintiff that failure to respond to the Order to Show Cause or failure to show cause would result in a recommendation that this case be dismissed, with prejudice, in its entirety pursuant to Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2) and 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

Consistent with her status as a *pro se* litigant, the court liberally construes Plaintiff's filings and finds that Plaintiff has filed <u>several</u> responses to the Order to Show Cause.  First, on May 19, 2012, the day after the Order to Show Cause was entered, Plaintiff filed a "Notice."  (Doc. No. 21, filed Apr. 20, 2012.)  Therein Plaintiff "notifies the court that due to simply not being organized enough this matter had gone awry."  (*Id.*)

The next day, Plaintiff filed a document entitled "(Supplement To) Notice."  (Doc. No. 22, filed Apr. 20, 2012).  In that document, Plaintiff informs the court that this is the second case she has "opened" against this defendant, that she had confused "the first case and the second

cases emails from the court," and that she would be "correcting her organization system" to avoid similar problems in the future. (*Id.* at 1.) Plaintiff also asserts that she believed that Defendant "had only just been served" and that, consequently, the need for her to prosecute this case had not yet arisen. (*Id.*)

Four days later, Plaintiff filed another "Supplement to Notice." (Doc. No. 25, filed Apr. 24, 2012.) Therein, Plaintiff begins to equivocate on where the responsibility for her failure to prosecute lies. More specifically, although she again admits that her prosecution of this case fell victim to her organizational shortcomings, she also points out that she has "4 cases in this court, one in the court of appeals and is drafting a complaint against the EEOC for injunctive relief." (*Id.* at 1.) Plaintiff asserts that she "has not been given an amount of time sufficient to meet her needs by any of these courts or agencies." (*Id.*) Plaintiff admits that she looked into "drafting a motion to get more time from the district court judge"; however, doing so was not her first priority, "as the court of appeals and EEOC are ahead of [this case] at this time." (*Id.*)

Because it was unclear whether the Notice and Supplements discussed above were responsive to the Order to Show Cause, the court granted Plaintiff an extension of time through May 16, 2012 to file a proper response. (*See* Doc. No. 31, filed May 1, 2012.) On May 16, 2012, Plaintiff filed a "(Possible) Answer to Show Cause Order." (Doc. No. 45.) Therein, Plaintiff maintains that her failure to prosecute has mostly been due to "the disorganization caused by the courts [sic] document delivery system." (*Id.* at 2.) Plaintiff contends that she "has a long history of difficulty with the courts [sic] document delivery system" and that, as a result, "she is missing the better part of 5 months of documents." (*Id.*) Plaintiff also maintains that the

court stopped delivering electronic notifications to her primary court email address, trry33@hotmail.com, "for no reason she has ever been informed of."[2] (*Id.*) Thus, while Plaintiff admits that "multiple factors" contributed to her failure to prosecute this case, Plaintiff appears to argue that her unspecified "difficulties" with the court's Electronic Case Filing System (ECF) was primary amongst them.[3] (*See id.*)

The court finds that Plaintiff has failed to show cause for her failure to comply with this court's Order Setting Scheduling Conference and to prosecute this case. First, and notably, Plaintiff has not explained why she was unable to respond to Defendant's repeated attempts to contact her regarding the Rule 26(f) conference and Proposed Scheduling Order.

Second, to the extent that Plaintiff faults the court's ECF system for failing to deliver notice of electronic filings (NEFs), the court notes that Plaintiff's registration as a participant in ECF constituted "consent to electronic service of all documents in accordance with the Federal Rules of Civil Procedure" and Plaintiff was required to ensure that her electronic mail system would not inhibit electronic service from the court. *See* Electronic Case Filing Procedures (Civil Cases) § III.3.2C. Furthermore, to the extent that Plaintiff was unable to view court-filed documents on her home computer, the court notes that Plaintiff could have accessed these filings

---

[2] Plaintiff makes this representation notwithstanding her admission in her "(Supplement to) Notice" that she received notice of electronic filings, but confused them with those received in a prior case against this defendant. (Doc. No. 22 at 1.)

[3] Indeed, based on these difficulties, Plaintiff has "sued the Clerk's office and notified Apple Computer by email and telephone that they will be involved and she has asked them to be co-plaintiff."

at the clerk's office at no charge. *Id.* § XII.12.1.[4] Altogether, Plaintiff's unspecified difficulties accessing court-filings via ECF fails to show cause for her failure to prosecute this case and comply with the court's orders.

Third, to the extent that Plaintiff maintains that she was not given sufficient time to pursue this and other cases before this court, an unspecified matter on appeal, and a complaint against the EEOC, Plaintiff admits that she did not seek an extension of time to comply the court's Order Setting Scheduling Conference because she prioritized her appeal and EEOC complaint over this matter. In any event, District Judge Robert E. Blackburn's Civil Practice Standards provide that "press of business" does not constitute good cause to support a motion for extension of time. REB Civ. Practice Standard II.G.1. Surely, the same justification (i.e. press of business) cannot excuse an outright failure to comply with court orders.

Finally, while the court appreciates Plaintiff's candor in admitting that her failure to comply with the court's orders was a result of her own disorganization, Plaintiff short-circuits this concession by subsequently deflecting blame onto the court's ECF system. Moreover, the court finds that a party's admitted disorganization falls well short of demonstrating cause for a failure to comply with court orders.

Having concluded that Plaintiff has not shown cause for her failure to prosecute this case and failure to comply with court orders, the court turns to the appropriate sanction. The Federal

---

[4] The court also notes that Plaintiff, as a *pro se* party, was not required to register for ECF. Electronic Case Filing Procedures (Civil Cases) § III.3.2B ("A non-prisoner *pro se* party *may* apply to register as a participant in ECF . . . .") (emphasis added).

Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case. The Tenth Circuit has likewise recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002).

However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes*

7

*9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Having, considered the *Ehrenhaus* factors, the court finds that dismissal with prejudice is appropriate.  First, the court finds that Plaintiff's conduct has prejudiced Defendant as Defendant's counsel spent considerable time in its repeated, unsuccessful attempts to contact Plaintiff to conduct the Rule 26(f) conference and to prepare the Proposed Scheduling Order.  Defendant also was forced to prepare and unilaterally file the Proposed Scheduling Order, only to have the Scheduling Conference vacated due to Plaintiff's failure to provide any input into the Proposed Scheduling Order.  (*See* Order to Show Cause at 4.)

Second, the court finds that Plaintiff has significantly interfered with the judicial process not only in this matter, but also a previously-filed case against the same defendant.  More specifically, Plaintiff filed a prior Title VII Complaint against Mountain State Line Constructors (hereinafter "MLSC") on July 5, 2011.  (*See* Doc. No. 1, Case No. 11-cv-01748-LTB.)  Two days later, on July 7, 2011, Magistrate Judge Craig B. Shaffer entered an order directing Plaintiff to cure several enumerated deficiencies in her Title VII Complaint within thirty days.  (Doc. No. 3, Case No. 11-cv-01748-LTB.)  Similar to Plaintiff's conduct in this case, Plaintiff failed to comply with Magistrate Judge Shaffer's order, and, as a consequence, that case was dismissed without prejudice.  (Doc. No. 4, filed Aug. 16, 2011.)  Accordingly, Plaintiff has now wasted scarce judicial resources, in not one, but two cases, and has exhibited a substantial disregard for the judicial process.

Third, the court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders. The court notes that Plaintiff has several other cases pending before this court, all filed simultaneously, and in each and every one of those cases, the court has been forced to enter orders to show cause based on Plaintiff's failure to communicate with defense counsel and to comply with court-ordered obligations. (*See* Doc. No. 21, Case No. 11-cv-2695-REB-KMT;[5] Doc. No. 20, Case No. 11-cv-2696-REB-KMT.) Indeed, as in this case, the Scheduling Conference set in Plaintiff's other cases were vacated due to Plaintiff's complete failure to communicate with defense counsel and provide her input for the Proposed Scheduling Orders. (*See id.*) Plaintiff's culpability is further corroborated by Plaintiff's failure to comply with Magistrate Judge Shaffer's order in Case Number 11-cv-1748-LTB. Altogether, Plaintiff's conduct in this case is far from an isolated incident that can be gratuitously overlooked; instead, Plaintiff has demonstrated an unacceptable pattern of thwarting court orders, thereby undermining the judicial process and wasting court and party resources along the way.

Fourth, the court specifically warned Plaintiff that her failure to comply with this court's orders or show cause would result in a recommendation for dismissal with prejudice. (*See* Order to Show Cause.)

As to the final *Ehrehaus* factor, the court finds Plaintiff's failure to obey the orders of this court, in this and other cases, to be unacceptable and that such litigation behavior should not

---

[5] Indeed, in Case Number 11-cv-2695-REB-KMT, the court entered a recommendation that Plaintiff's Complaint be dismissed with prejudice after Plaintiff failed to respond to the Order to Show Cause. (*See* Doc. No. 22, filed Apr. 18, 2012.)

be tolerated. Between the date that Plaintiff filed her Title VII Complaint and the entry of the Order to Show Cause, Plaintiff made very little effort to prosecute this action, which substantially delayed the progress of this case. Furthermore, the fact that Plaintiff filed this second action against MSLC after Case Number 11-cv-1748-LTB was dismissed without prejudice demonstrates that doing the same here (i.e. dismissing this action without prejudice) would be insufficient to deter Plaintiff from engaging in such behavior in the future. Indeed, Plaintiff's conduct in Case Number 11-cv-1748-LTB and in this case clearly indicates that Plaintiff intends to proceed with her cases at her own pace, regardless of any court orders to the contrary.

Accordingly, recognizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective to deter this pattern of impermissible conduct. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice); *see also Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)) (dismissal with prejudice serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.'"). Altogether, the court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal

with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that the Plaintiff's Title VII Complaint (Doc. No. 1) and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d (10th Cir. 1992). The court further

**RECOMMENDS** that "Defendant's Motion to Dismiss" (Doc. No. 12, filed Jan. 24, 2012), "Plaintiff's Motion to Accept Late Filing" (Doc. No. 58), and Plaintiff's "Opposed Motion to Strike Motion to Dismiss" (Doc. No. 58-1) be DENIED as moot.

Dated this 6th day of June, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge