**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02697-REB-KMT

THERESA L. DOWLING,

    Plaintiff,

v.

MOUNTAIN STATES LINE CONSTRUCTORS JOINT APPRENTICESHIP AND TRAINING COMMITTEE,

    Defendant.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#72][1] filed June 6, 2012; and (2) plaintiff's corresponding objections stated in **Part One of the Response to the Report and Recommendations of the Magistrate Judge With Exhibits** [#82] filed July 10, 2012.[2]  I overrule the objections, adopt the recommendation, and dismiss this lawsuit with prejudice as a sanction for plaintiff's failure to prosecute and failure to comply with the duly issued orders of the court.

---

[1] "[#72]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

[2] The docket reflects no Part Two of the response or other subsequent objection by plaintiff, which response or objection would be untimely in any event.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned. The magistrate judge laboriously detailed the plaintiff's repeated failures to communicate with opposing counsel, participate in the orderly development of the case, and timely respond to orders duly issued by the court. She appropriately considered the relevant factors that inform the decision whether to dismiss a case with prejudice as a sanction for such habitual failures. **See Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992). Given the history of this case, I concur with the magistrate that no sanction short of a dismissal with prejudice will be efficacious to prevent further abuses in the future.

Plaintiff's objections do not convince me otherwise. None of them are directly responsive to the magistrate judge's recommendation. Instead, plaintiff has merely reiterated and expanded on the various explanations as to why she allegedly could not prosecute this case. Nevertheless, as the magistrate judge recognized in her recommendation, plaintiff's various difficulties are largely of her own making and would

have been easily rectified had she made any effort to communicate with opposing counsel and the court prior to entry of the show cause order.[3]  Indeed, plaintiff admits in her objections that she does not want to have this case tried in federal court, but would prefer to proceed in state court.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#72] filed June 6, 2012, is **APPROVED AND ADOPTED** as an order of this court;

2. That plaintiff's objections contained in **Part One of the Response to the Report and Recommendations of the Magistrate Judge With Exhibits** [#82] filed July 10, 2012, are **OVERRULED**;

3. That plaintiff's claims in this lawsuit are **DISMISSED WITH PREJUDICE** as a sanction for plaintiff's failure to prosecute and failure to comply with the duly issued orders of the court;

4. That judgment **SHALL ENTER** on behalf of defendant Mountain States Line Constructors Joint Apprenticeship and Training Committee against plaintiff Theresa L. Dowling on all claims for relief and causes of action; provided, that the judgment shall be with prejudice; and

---

[3] Plaintiff also makes various unsubstantiated accusations about the veracity of opposing counsel and the impartiality of the magistrate judge.  I credit none of these assertions.

5. That defendant is **AWARDED** its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated August 14, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge